# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

CIVIL ACTION NO. 3:17-CV-00445-JHM

JACK RITTER, JR.                                                                                          PLAINTIFF

V.

LIBERTY LIFE ASSURANCE                                                                         DEFENDANT
COMPANY OF BOSTON

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on memoranda filed by both parties regarding the applicable standard of review in this case. (DN 14, 15.) Also before the Court are objections to the administrative record by plaintiff Jack Ritter, Jr. (DN 16), to which defendant Liberty Life Assurance Company of Boston ("Liberty") has responded. (DN 23.) These matters are ripe for decision.

## I. BACKGROUND

This case arises from the denial of disability benefits under an employee welfare benefit plan. Plaintiff Ritter was employed by Res-Care, Inc. as a quality training liaison and purchased disability insurance from Liberty through his employer. (Pl.'s Compl. [DN 1] ¶ 5.) Ritter submitted a claim to Liberty for disability benefits, as he suffers from Parkinson's disease and dementia. (*Id.* ¶¶ 6–7.) This claim was denied by Liberty, and Ritter now appeals that decision. (*Id.* ¶ 9.)

The Magistrate Judge conducted a scheduling conference in this case and required that the parties either stipulate to the applicable standard of review or submit memoranda on the issue prior to the submission of any motions for judgment. (DN 11, ¶¶ 3, 5.) The Magistrate Judge also required that objections to the administrative record be made prior to any motions for

judgment. (*Id.* ¶¶ 1, 5.) The parties have submitted memoranda on the applicable standard of review (DN 14, 15), and Ritter has filed objections to the administrative record. (DN 16.)

## II. APPLICABLE STANDARD OF REVIEW

The parties do not dispute that the benefit plan at issue in this case falls within the purview of the Employee Retirement Income Security Act of 1974 ("ERISA").[1] (*See* Def.'s Memo. [DN 14] at 1; Pl.'s Memo. [DN 15] at 1–2.) "A denial of benefits challenged under § 1132(a)(1)(B) [of ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). "If the administrator or fiduciary can show it has such discretionary authority, a benefits denial is reviewed under the arbitrary and capricious standard." *Frazier v. Life Ins. Co. of N.A.*, 725 F.3d 560, 566 (6th Cir. 2013) (citing *Haus v. Bechtel Jacobs Co., LLC*, 491 F.3d 557, 561–62 (6th Cir. 2007)). Courts require "'a *clear* grant of discretion' . . . before applying the deferential arbitrary and capricious standard." *Id.* (quoting *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 555 (6th Cir. 1998)) (emphasis in original).

The benefit plan in this case contains the following language:

> **Interpretation of the Policy**
>
> Liberty shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder. Liberty's decisions regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding.
>
> . . .

---

[1] While Ritter argues that Kentucky law requires de novo review of the denial of benefits, he does not argue that ERISA is not applicable at all. He simply argues that the Court must apply the least deferential standard of review permitted by ERISA because of non-conflicting, non-preempted Kentucky law. The Court will address this argument below.

**Notice and Proof of Claim**

…

a. Satisfactory Proof of loss must be given to loss . . .

(Policy [DN 11] at 64–65.) The Court finds this language to be a clear grant of discretion to Liberty "to determine eligibility for benefits or to construe the terms of the plan." *Firestone*, 489 U.S. at 115. Liberty is given the authority to interpret the plan and determine benefit eligibility, and this authority may be exercised at its own discretion. Further, eligibility is contingent on "Satisfactory Proof," a standard the Sixth Circuit has held to be "sufficient to grant discretionary authority to review claims under the arbitrary-and-capricious standard of review." *Hogan v. Life Ins. Co. of N.A*, 521 F. App'x 410, 415 (6th Cir. 2013) (citations omitted). Therefore, the Court finds that the benefit plan grants sufficient discretion to Liberty so as to require the Court to review the denial of benefits under the arbitrary and capricious standard. *Accord Moos v. Square D Co.*, 72 F.3d 39, 40–42 (6th Cir. 1995) (applying arbitrary and capricious standard when plan gave administrator "the sole authority in the exercise of its discretion to interpret, apply and administer the terms of the [Plan] and to determine eligibility for benefits . . .").

Ritter's arguments in favor of de novo review are unavailing. He argues that Kentucky prohibits the use of "discretionary clauses" in insurance contracts, such as the one in the plan that allows Liberty to exercise its discretion in determining eligibility for benefits. There is no case, statute, or regulation that explicitly prohibits discretionary clauses. *Compare with Am. Council of Life Ins. v. Ross*, 558 F.3d 600, 602 (6th Cir. 2009) (Michigan regulations "prohibit[ed] insurers . . . from issuing . . . a policy . . . that contains a discretionary clause and provide[d] that any such clause is void and of no effect"). Instead, Ritter points to KRS § 304.14-130(1)(b), which requires the commissioner of the Kentucky Department of Insurance to reject any policy

that contains any "conditions which deceptively affect the risk purported to be assumed in the general coverage of the contract." On March 9, 2010, the Department of Insurance issued an advisory opinion in which it concluded that "discretionary clauses deceptively affect the risk purported to be assumed in any policy and as such, any forms containing discretionary clauses may be disapproved." (Advisory Opinion 2010-01 [DN 15-1] at 1.) Thus, Ritter argues that KRS § 304.14-130(1)(b) should be interpreted to prohibit the use of discretionary clauses.

The effect of this advisory opinion has been considered by the Sixth Circuit, and the court has consistently rejected the notion that the opinion changes the law in Kentucky so as to invalidate discretionary clauses. *See Frazier*, 725 F.3d at 567 (rejecting argument that advisory opinion requires de novo review, as "we are not bound by language in a non-binding opinion by Kentucky's Commissioner") (quotations and citations omitted); *Hogan*, 521 F. App'x at 415–16 ("this court is not bound by language in a non-binding opinion to alter the standard of review due to the mere possibility that the Department of Insurance could have disallowed the policy"); *Moss v. Unum Life Ins. Co.*, 495 F. App'x 583, 591 n. 3 (6th Cir. 2012) (noting that, while the standard of review was ultimately irrelevant to the outcome of case, "the opinion does not expressly prohibit the use of discretionary clauses, but rather provides guidance as to how such clauses will be reviewed" by the Department of Insurance). Ritter correctly notes that the Court must predict in this case whether the Supreme Court of Kentucky would find KRS § 304.14-130(b)(1) to prohibit discretionary clauses in insurance contracts. *See State Auto Prop. and Cas. Ins. Co. v. Hargis*, 785 F.3d 189, 195 (6th Cir. 2015) ("When the state's highest court has not spoken on the issue, the federal court is called upon to predict what that court would do if confronted with the question") (citations omitted). But he cites to little authority showing how that court would interpret the statute beyond general statements indicating that it "adhere[s] to a

4

policy of protecting the reasonable expectations of policyholders." *Lewis v. West Am. Ins. Co.*, 927 S.W.2d 829, 833–34 (Ky. 1996.) This statement is insufficient for the Court to predict that the Supreme Court of Kentucky would find discretionary clauses to be prohibited from a statute that makes no mention of such clauses.

The Court acknowledges that the trend among the states is to invalidate discretionary clauses within insurance contracts. *See Davis v. Unum Life Ins Co. of Am.*, 2016 WL 1118258, at *3 (E.D. Ark. Mar. 22, 2016) ("As of 2015 . . . nearly 25 states either have or are in the process of banning discretionary clauses in insurance policies subject to ERISA") (citations omitted). But the states that have prohibited discretionary clauses have largely done so through statutes or regulations that directly address the use of these clauses. *E.g.*, *Weisner v. Liberty Life Assurance Co. of Boston*, 192 F. Supp. 3d 601, 609 (D. Md. 2016) (conducting de novo review of denial of benefits when Maryland statute prohibited the sale of insurance policies that "contain[ ] a clause that purports to reserve sole discretion to the [insurer] to interpret the terms of the policy") (citing Md. Code Ann., Ins. § 12-211). Given that the language of KRS § 304.14-130(1)(b) does not speak explicitly as to the validity of discretionary clauses, the Court does not believe that the Supreme Court of Kentucky would interpret the statute's rejection of "deceptive[ ]" policies found in the statute as a prohibition on discretionary clauses.

Related to this is Ritter's argument that Kentucky courts would invalidate the discretionary clause in his benefit plan, as it renders Liberty's promise of performance illusory. But this again relies on general language from the Supreme Court of Kentucky about "protecting the reasonable expectations of policyholders." *Lewis*, 927 S.W.2d at 833–34. While Liberty has retained the power to exercise its own discretion in determining eligibility for benefits and interpreting the policy, this does not mean that no promise has been made by Liberty. Liberty

5

may not deny coverage at whim; instead, it must administer the plan in accordance with statutory and regulatory requirements and subject its decision to judicial review. Based on these factors, the Court does not believe the Supreme Court of Kentucky would find that the discretionary clause in this case renders the agreement illusory.

Kentucky law does not prohibit the use and enforcement of discretionary clauses in insurance contracts. Therefore, the Court finds the discretionary clause in the benefit plan issued by Liberty to Ritter to be enforceable.[2] As such, Liberty's decision to deny benefits to Ritter will be reviewed under the arbitrary and capricious standard.

### III. OBJECTIONS TO THE ADMINISTRATIVE RECORD

The Court has reviewed Ritter's objections to the administrative record and Liberty's responses. All of his objections are requests for clarification from Liberty, which it has agreed to provide. He has also reserved the right to supplement the record if necessary. The Court sees no action that it can presently take on any of Ritter's reservations. If he seeks to supplement the record, he should provide the materials he seeks to include to the Court and specify why their inclusion is appropriate.

### IV. CONCLUSION

For the reasons set forth above, the Court will review the denial of benefits by Liberty Life Assurance Company of Boston under an arbitrary and capricious standard.

*Joseph H. McKinley*
**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**
March 6, 2018

cc: counsel of record

---

[2] The Court need not reach Ritter's arguments on how ERISA does not preempt Kentucky law invalidating discretionary clauses, as there is no such law in Kentucky. Likewise, the Court need not address how the benefit plan should be construed upon invalidation of the discretionary clause, as the clause is valid and enforceable.